**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JAMES MORRIS**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 4:21-CV-48-MPM-DAS**

**CLARKSDALE SOCIAL SECURITY OFFICE**
**AND MS. BARBERRY**   **DEFENDANTS**

**CONSOLIDATED WITH**

**JAMES MORRIS**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 3:21-CV-100-NBB-DAS**

**COMMISSIONER OF SOCIAL SECURITY**   **DEFENDANT**

### ORDER CONSOLIDATING CASES

The undersigned, *sua sponte*, reviews whether the above-referenced cases should be consolidated for all pretrial and trial purposes under Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE, and Rule 42 of the LOCAL UNIFORM CIVIL RULES. Federal Rule of Civil Procedure 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *See In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977), quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). A motion to consolidate is not required. The court may invoke Rule 42(a) *sua sponte*. *See Gentry*, 487 F.2d at 581. Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment. *See Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir. 1969); *Empire Aluminum Corp. v. S.S. Korendijk*, 391 F.Supp. 402, 410 (S.D.Ga. 1973).

The above-referenced cases originate from the same incident – the alleged failure of the Clarksdale Social Security Office to issue back pay disability payments for February, March, and

April 2019. In fact, the plaintiff's Complaint in 3:21-cv-100 states "[t]his court should merge all my pro se filings against the Clarksdale Social Security Office for clarity[,]" and the court agrees. Rule 42(a) of the Federal Rules of Civil Procedure provides that "actions before the court [which] involve a common question of law or fact . . . may [be] consolidate[d]." Since the exact same relief is sought in both cases, the law favors consolidation of these cases.

Accordingly, it is **ORDERED** that Civil Action Nos. 4:21-CV-48-MPM-DAS and 3:21-CV-100-NBB-DAS are consolidated. Pursuant to LOCAL RULE 42, Civil Action No. 4:21-CV-48-MPM-DAS will serve as the lead case because it is the lowest docket number of the two, and the style will read as captioned above. Because the lead case is assigned to District Judge Mills, the consolidated cases are reassigned to District Judge Mills.

The plaintiff and all counsel of record are instructed to indicate both the lead case number and the consolidate case numbers in the caption of any documents filed with the court. The word "CONSOLIDATED" must appear directly under the lead case number. Plaintiff and counsel are directed to docket and file all documents in the lead case unless otherwise directed. Documents may be filed in all cases by printing the words "FILED IN ALL CASES" in the caption under the last case number and electronically filing the document in every case which the document is to be filed, or appropriately spreading the filing according to the court's electronic case management and filing system. The parties are responsible for accurately and correctly adhering to these requirements in all filings via the court's electronic case management system.

**SO ORDERED**, this the 18th day of May, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**