**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JAMES MORRIS**                                                                           **PLAINTIFF**

**V.**                                                                                 **NO: 4:21-CV-48-MPM-DAS**
                                                                                     **NO: 3:21-CV-100-MPM-DAS**
                                                                                     **CONSOLIDATED**

**COMMISSIONER of the SOCIAL**                             **DEFENDANT**
**SECURITY ADMINISTRATION**

**ORDER**

This matter is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 19).

**Background**

Plaintiff James Morris filed for Supplemental Security Income (SSI) on February 5, 2019. A hearing before an Administrative Law Judge (ALJ) occurred on August 18, 2020. The ALJ determined that Mr. Morris was disabled, but that his income was too high to qualify for SSI benefits. The Commissioner notified Mr. Morris in writing that he had sixty days to appeal the decision. Mr. Morris appealed the decision only after the deadline had passed. The Appeals Council dismissed his request for review, finding no good cause for his delayed filing. Mr. Morris argues he is entitled to SSI for the period he was determined to be disabled until he began receiving VA payments.

Mr. Morris did not seek an appellate review of the Commissioner's decision denying his benefits but instead filed this lawsuit seeking relief. In a Report and Recommendation, the

Magistrate Judge found that Mr. Morris could not satisfy a clear right to relief and that Mr. Morris had alternative remedies available to him. This Court adopted the Report and Recommendation and entered judgment in favor of the Commissioner's decision to deny benefits to Mr. Morris.

Approximately eleven months after judgment was entered, Mr. Morris filed a Motion for Relief from Judgment under Rule 60(b)(2) based on what he described as newly discovered evidence. Mr. Morris asserts that the ALJ's 2020 decision, the Court's 2021 order consolidating Mr. Morris's cases, and the SSA's letter qualify as newly discovered evidence under Rule 60(b)(2). The SSA responds that Rule 60(b)(2) does not apply because none of the materials Mr. Morris submits amount to newly discovered evidence.

Mr. Morris disagrees and asks the Court to reopen his case under Rule 60(b)(2).

## **Applicable Law**

To warrant relief under Rule 60(b)(2), a claimant must show that (1) he exercised due diligence in obtaining the information that could not have been discovered in time to move for a new trial under Rule 59(b); and (2) the evidence is material, controlling, and clearly would have produced a different result if presented before the original judgment." *Berlanga v. Easterling*, No. 19-20801, 2021 WL 4533203 at 1 (5th Cir. October 4, 2021), (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2018)); *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984 (5th Cir. 2001). FED. R. CIV. P. 60(b)(2). Under the second element, the claimant must exhaust all avenues of relief and have no other exhaustible remedy. 20 C.F.R. § 405(g). 28 U.S.C. § 1361. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). *Cross v. Chater*, No. 96-40848, 109 F.3d 766, at 1 (5th Cir. 1997). The Courts have held the finality of the agency's decision allows the Court to determine whether the agency acted erroneously and prevents petitioners from bypassing the appeals process. The claimant must show that the newly discovered evidence existed at the time

of the trial. *Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004) (citing *Longden v. Sunderman*, 979 F. 2d 1095, 1102 (5th Cir. 1992)). The claimant must "strictly" satisfy both requirements. *Nat'l City Golf Fin.*, a *Div. of Nat'l City Com. Cap. Co., LLC v. Scott*, 899 F.3d 238, 257 (5th Cir. 2018) (citing *Longden v. Sunderman*, 979 F. 2d 1095, 1102 (5th Cir. 1992)).

## Analysis

In this action, Mr. Morris argues that his proposed evidence containing the ALJ's 2020 decision, the 2021 Court order, and the SSA's letter qualify as newly presented evidence under Rule 60(b)(2), thus justifying reopening his case before this Court.

Firstly, Mr. Morris must show that he exercised due diligence in obtaining information that could not have been previously discovered. *See* EFC No. 19 at pp. 5-11; Ex. 1-3. Because the ALJ's decision and the order consolidating Mr. Morris's cases have been included in the Court's records, both have been previously reviewed and considered before the Magistrate Judge and this Court. This is not new evidence under Rule 60(b)(2).

Secondly, Mr. Morris's desire to classify the letter from the SSA as new evidence despite receiving the letter after the original proceedings were concluded does not qualify as new evidence under Rule 60(b)(2). *see* EFC No. 21 at pp. 6-8; Ex. 1-2. Therefore, the letter from the SSA is not newly discovered evidence per Rule 60(b)(2).

Thirdly, despite Mr. Morris's claim, the SSA's letter does not produce a different result in this case, because the letter shows that Mr. Morris received payments for March 2019 through April 2019, the months he had not yet received VA benefits. Thus, the SSA's February 14 letter would not produce a different result. *See* EFC No. 21. At pp. 6-8 Ex. 1-2.

Fourthly, Mr. Morris has not exhausted all other administrative remedies. If the Commissioner's decision was erroneous, Mr. Morris should have sought an appeal before that

3

agency. Thus, seeking a writ of mandamus from this Court is improper. *See* 20 C.F.R. § 405(g). 28 U.S.C. § 1361.

Fifthly, Mr. Morris has not produced sufficient evidence "strictly" satisfying both required elements for relief from this Court. Mr. Morris's newly provided evidence has either been included in the record and considered by this Court or was produced after the original proceedings. Finally, the evidence presented would not produce a different result from the original judgment. Therefore, Mr. Morris cannot "strictly" satisfy both required elements to justify relief under a Rule 60(b)(2) motion.

## Conclusion

Mr. Morris's motion is erroneous and premature. The Plaintiff is not entitled to relief. Accordingly, it is ordered the Plaintiff's Motion for Relief from Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of May, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**